THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF
PENNSYLVANIA, IN MACON COUNTY, ILLINOIS,

*v.*

JOHN DURHAM.

1.  OPENING OF HIGHWAYS — *damages to be adjusted.* The fifty-sixth section of the township organization law of 1861 imperatively requires the commissioners of highways to adjust the question of damages to the owners of land before opening a road across it.

2.  SAME — *damages, how adjusted.* The question of damages must be satisfactorily adjusted by release or assessment, or in some other recognized mode, before an owner can be forcibly dispossessed of his property. The act of 1861 does not require the owner to be present and claim damages, as by the old law he was required, but the commissioners, in case they and the owner cannot agree, must assess them at what they may deem just and right, and deposit a statement of the amount assessed with the town-clerk, who shall note the time of filing the same.

3.  SAME — *former decision modified.* The decision of the court in the case of *Taylor* v. *Marcy,* 25 Ill. 518, on this subject is modified.

4.  CHANCERY — *injunction.* An attempt to open a road in the absence of an adjustment of the question of damages with the owner of improved and cultivated lands, upon which the road is located, will be restrained by a court of chancery.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was a bill in chancery, filed in the Circuit Court of Mason county, at the June Term, 1865, by John Durham, against the commissioners of highways of the town of Pennsylvania, in that county, to restrain them from opening a public highway across certain lands described in the bill, and claimed

by Durham as owner in fee. The lands were alleged to be inclosed and cultivated. The bill alleges, that the preliminary acts of the commissioners in relation to laying out the road were illegal, fraudulent and void. An injunction was prayed and granted. The bill was demurred to, on the ground that the illegal and fraudulent acts, which made the proceedings of the commissioners void, were not set forth in the bill. The demurrer was overruled; but, afterward, the complainant asked and obtained leave to amend his bill.

The amended bill was filed January 27, 1866, and alleges that the commissioners have not complied with the statute, substantially in this: that no petition for the highway was ever signed by twelve legal voters, residing within three miles of the proposed highway; nor copies of the same posted up in three of the most public places in said town; that they gave no notice of any meeting by a majority of them to hear reasons against the laying out of said highway; that the route was never surveyed by a competent surveyor, and a plat of the same, describing it by metes and bounds, courses and distances, and the land over which it passed, and the order of the commissioners declaring it to be a public highway, were filed in the office of the town-clerk; and that the commissioners did not consider what, or whether any, damages were due to the complainant in consequence of the road passing over his land; that they made no order or judgment whatever relative to the damages; and alleges that no release of damages was made by him.

The defendants answered the bill, alleging a substantial compliance with all the requirements of the law, except the adjustment of damages; in regard to which, they aver that the complainant released, or at least waived his right to claim, damages on account of said highway passing over his land, by his own acts and neglect, and is therefore estopped to object to the sufficiency of said proceedings on the ground of damages not having been awarded to him. The complainant filed a replication to the answer.

The cause was tried at the November Term, 1866, of the Mason Circuit Court.

On the hearing, the defendants read in evidence the report and order of the commissioners of highways of Pennsylvania town, laying out the road; also, the report of the surveyor in connection with the order. There was no evidence introduced of any adjustment of damages. The court made the injunction perpetual.

The case is brought to this court by writ of error.

Messrs. LYMAN LACEY and CHARLES A. HARNDEN, for the plaintiffs in error.

Mr. B. S. PRETTYMAN, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Mason Circuit Court, filed at the June Term, 1863, by John Durham against The Commissioners of Highways of the town of Pennsylvania, in that county, to restrain them from opening a public highway over the lands described in the bill of complaint and claimed by Durham to be owned by him in fee, and to be improved lands, inclosed and cultivated. The bill alleges that the preliminary acts of the commissioners in relation to this highway were illegal, fraudulent and void. The bill was demurred to on the ground that the illegal and fraudulent acts which made the doings of the commissioners void were not set forth in the bill. The demurrer was overruled, but afterward, on motion of complainant, he had leave to amend his bill, which he did, by charging that the commissioners had not complied with the statute in this: that no petition for the highway was ever signed by twelve legal voters residing within three miles of the proposed highway, nor copies of the same posted up in three of the most public places in the town; that they gave no notice of any meeting by a majority of them to hear any reasons against laying out the highway; that the route never was surveyed by a competent surveyor and a plat of the road describing it by metes and bounds, courses and distances, and the land over which it passed, and the order of the commissioners

declaring it to be a public highway was never filed in the office of the town-clerk; that the commissioners did not consider what, or whether any, damages were due to complainant in consequence of the road passing over his land; that they made no order or judgment whatever relative to the damages, and alleges that no release of damages was made by him.

The answer affirms that all these acts and omissions relative to laying out the highway were strictly in accordance with the statute, and fully authorized by it — the omissions alleged in the bill are denied one by one, and they claim that the complainant released, or at least waived, his right to claim damages, by his own acts and neglect, and is therefore estopped to object to the sufficiency of the proceedings on the ground of damages not having been awarded to him.

A replication being put in to the answer, the cause was set for final hearing at the November Term, 1866, at which time a decree was entered making the injunction perpetual, and respondents were forever enjoined from proceeding further in opening or laying out the road, and respondents to pay the costs.

To reverse this decree the cause is brought here by writ of error.

From the record proof offered in evidence by the respondents, preserved in the bill of exceptions, it would appear that no assessment of damages to the owner of the land was had previous to the order for opening the road, nor were any steps taken to assess the damages, if any there were, nor was there any release of damages or any agreement with reference to the damages between the commissioners and complainant. The principal question made here is upon that point.

The plaintiffs in error insist, that the presumption of law is, that the commissioners took into consideration the advantages which the laying out of this road would bring to complainant, and determined that the advantages would fully balance the damages, as by law they are made to do, and this presumption must be overthrown by proof, and that complainant, by neglecting to claim his damages at the hearing of the commission-

ers before the road was laid out, the required notice of the hearing having been given, whatever his rights in the premises may have been originally, he thereby waived and lost all right to have the question of damages considered by the commissioners, and is forever estopped to make any claim therefor, or to object that the road was not legally opened on account of the non-assessment of damages to him.

In support of these positions, counsel cite *Ferris* v. *Ward et al.*, 4 Gilm. 499; *Sangamon County* v. *Brown*, 13 Ill. 208, and *Taylor* v. *Marcy*, 25 id. 518.

Had the proceedings in this case been commenced and conducted in pursuance of the law in force at the time the two first cited cases were decided, they would be conclusive. But these originated under a statute containing provisions essentially different, and wherein, will be specified —

The law in force when the cases from Gilman and from 13 Illinois were decided, contained this provision:

"Viewers, in locating a road, shall ascertain, as far as practicable, where damages will be claimed, and report the names of the individuals claiming to the commissioners' court at the time of making their report; and it shall be incumbent on the owners of property, by themselves or agents, to inform the court at the term at which the road viewers shall report, of such, their claims for damages; and no damages shall be allowed, unless claim be made to the court as aforesaid, or to the supervisor, commissioner or superintendent appointed to open the road as now provided by law; after a road shall be opened, and no claim for damages being set up, the State or county shall not be liable for any damages whatever."

The law of 1861, governing these proceedings, has this provision on the subject of damages: Section 56. The damages sustained by reason of the laying out or opening, or altering any road, may be ascertained by the agreement of the owners and the commissioners of highways, and unless such agreement be made, or the owners of the land shall, in writing, release all claims to damages, the same shall be assessed in the manner hereinafter prescribed, before such road shall be opened, or

worked, or used. In case the commissioners and owners of land claiming damages cannot agree, it shall be the duty of the commissioners to assess the damages at what they may deem just and right to each individual claimant with which they cannot agree, and deposit a statement of the amount of damages so assessed to each individual, with the town-clerk, who shall note the time of filing the same. It shall be the duty of commissioners in all cases of assessing damages to estimate the advantages and benefits the new road or alteration of any old one will confer on complainants (claimants) for the same, as well as the disadvantages. Laws of 1861, p. 256.

This law, as we understand it, expressly requires the commissioners to dispose of one very important incident to the opening of a road, especially through a man's farm, tearing down his fences, exposing his crops, and, it may be, removing his house, to what extent will the owner be damaged? That question must be satisfactorily adjusted by release or assessment, or in some other recognized mode, before an owner can be forcibly dispossessed of his property. The law does not require the owner to be present, and claim damages, as by the old law he was required, but the commissioners, in case they and the owner cannot agree, shall assess them at what they may deem just and right, and deposit a statement of the amount assessed with the town-clerk, who shall note the time of filing the same. This was made necessary, for the reason the law in a previous paragraph had provided, if the damages were not assessed, as therein provided, the proposed road should not be opened, or worked or used, hence the necessity of noting the time when the assessment shall be filed, so that from that date the road might be opened, worked and used.

The proofs in this cause do not show that the commissioners ever entertained the question of damages. They should show affirmatively that this question was passed upon by them, and damages allowed or disallowed, as the case might be. On this subject the statute is imperative.

The case of *Taylor* v. *Marcy*, 25 Ill. 518, reiterates the doctrine of *Ferris* v. *Ward* and *Sangamon County* v. *Brown*,

on which we have commented, and cites them. It is said in that case that the owner having failed to present his claim for damages, he must be estopped afterward to assert it. The court omitted to notice the fact that the proceedings to lay out the road then in question did not originate under the same act as the cases cited, but arose under the township organization act of 1851, the sixth section of which is precisely the same as the fifty-sixth section of the act of 1861, above quoted. Scates' Comp. 354.

This being so, that case has no bearing upon this, on this question of damages, and the decision of that must be modified by this.

There being nothing shown by these commissioners that the question of damages had been adjusted in the mode pointed out, they had no power to order the road to be opened, and, in attempting to open it in the absence of this adjustment, they might have inflicted an injury upon the claimant of the most serious character, which the tardy process of the law could but poorly remedy, and which demanded the instant appeal to the restraining arm of a court of chancery. His remedy was not adequate at law—it was not prompt, such as the emergency required, and in that court he could obtain no adequate relief. By delays there his fences and his crops might be destroyed, and his peace violated to such an extent that pecuniary compensation would not relieve.

There being no error in the record the decree must be affirmed.

*Decree affirmed.*