R. R. JOHNSON v. TOWN OF CLONTARF and Others.[1]

June 15, 1906.

Nos. 14,578—(9).

**Laying Out Highway—Jurisdiction.**

Upon a petition signed by twenty five signers, twenty one of whom were freeholders, the county commissioners commenced proceedings to lay out and establish a highway running into two townships. No assessment of damages was made as required by the statute. The route of the highway was established and the supervisors were directed to cause it to be opened. A., whose land was thus taken, or attempted to be taken, appealed from the order of the commissioners, but the appeal was dismissed by the court because it had not been properly taken. The commissioners then removed A.'s fence, caused the road to be opened, but A. replaced the fence, and has since maintained it. A. then filed a claim for damages but subsequently made an effort to withdraw it. With knowledge of this fact the commissioners allowed the claim in part only. A. appealed from the award, and the appeal is still pending. Before the commissioners thus acted on the bill A. commenced this action to have the entire proceedings declared null and void and enjoin the township authorities from opening the highway in pursuance of the order of the commissioners. *Held*, that as the petition was not signed by twenty four freeholders as required by the statute the commissioners acquired no jurisdiction.

**Election of Remedies.**

A. elected his remedy by action, and is not estopped by his conduct with reference to the appeal from the order of the commissioners from proceeding in equity for an injunction.

**Assessment of Damages.**

Section 1856, G. S. 1894, applies only when a highway has been laid out and opened, and is in use by the public, but by reason of some irregularity or omission, damages have not been assessed or paid. It is not a substitute for the assessment of damages for the taking of land for a public highway required to be paid or secured before the road is opened.

[1] Reported in 108 N. W. 521.

**Injunction by Landowner.**

> The owner of land which the authorities are proceeding to take for a public highway without compliance with the provisions of the statute and the constitution with reference to damages may enjoin the proceedings until his damages are determined and paid or secured.

Appeal by defendants from a judgment of the district court for Swift county entered pursuant to the findings and order of Qvale, J. Affirmed.

*F. P. Olney,* for appellants.

*S. H. Hudson,* for respondent.

ELLIOTT, J.

This was a suit in equity in which a landowner sought a decree adjudging null and void the action of the county commissioners of Swift county in laying out a certain highway and enjoining the township authorities from opening the highway in pursuance of the order of the commissioners. Judgment was entered in favor of the plaintiff, and from it the defendants appeal to this court.

The record presents the single question whether the conclusions of law are justified by the facts as found by the court. In addition to formal matters relating to the ownership of the land and the incorporation of the township and the official character of the defendants, the court found the following facts: On January 10, 1903, there was presented to the board of county commissioners of Swift county, a petition in due form, containing the requisite number of signers, twenty one of whom were freeholders and four of whom were not freeholders, praying that a proposed road, in the petition described, be established. The petition contained the names of the owners of the land over which the same might pass. On the same day the board of commissioners made its order for a hearing upon said petition and appointed three of its members as a committee to examine the proposed road, and designated Saturday, January 31, at ten o'clock a. m. as the time when the committee should meet upon the route of the said road. But the board of commissioners failed in and by its order to designate a place where said committee would or should meet for the purpose of examining said road. The commissioners in and by their said order further designated a time for the hearing of the petition and a place

for such hearing, which place was designated at Benson, without any more definite designation and without stating whether such place was at the village of Benson or at the township of Benson, the route of the proposed road running into both the village and the township of Benson. Thereafter notices setting forth a copy of the petition and a statement of the time when, and the place where, the committee would meet for the examination of the proposed road and the time when and the place where a hearing would be had upon said petition were duly posted.

On March 18, 1903, the committee made its report in due form to the board of county commissioners and recommended therein that the prayer of the petitioners be granted. On the following day such proceedings were had in the matter of the said petition that the board of county commissioners made its order, ordering the highway to be laid out in accordance with the prayer of the petition and declared the same granted, and directed the auditor to notify the supervisors of the several towns affected by the location and establishment of the highway, and the fact of such establishment, and that such supervisors should cause to be opened through their towns, so much of the highway as lies in their respective towns.

The route of the highway so established is the same as that described in the petition. It passes through defendant towns, runs across and over the lands of the plaintiff. Part of his land is taken and appropriated for the highway, and the said land is damaged thereby. But, notwithstanding that fact, the board of county commissioners did not consider the question of damages sustained by the plaintiff nor of any other person over whose lands the road passes by reason of the laying out of said highway, neither did they consider or pass upon the question of damages to land of plaintiff or to any other land over which the road passes. No assessment or award of damages was made by the commissioners for the taking of plaintiff's land for the purpose of said road, nor was any assessment of damages made for the taking of any land by reason of the laying out of said highway or road.

From the order and determination of the commissioners in laying out the said highway the plaintiff seasonably appealed to the district court for said county where the appeal was dismissed because it had not been properly perfected. Thereafter the county auditor notified

the supervisors of the towns into which the highway, as ordered laid out, runs, to cause the same to be opened, worked, and put in repair as a public highway. Whereupon such supervisors caused the road to be opened, and to some extent worked, and, the plaintiff having refused to remove his fence from said line of road after being notified to do so, they caused the fences on his land, crossing the line of the road, to be removed, against the will of the plaintiff, who thereupon replaced the same, and has ever since maintained the fence across the line of the said road upon his land.

After the dismissal by the district court of the appeal, the plaintiff filed with the county auditor a claim for damages for the taking of his land for the road which claim for damages includes other land than that described in the complaint as well as the land herein described, and thereafter he brought this action and obtained herein a writ of temporary injunction restraining the defendants from entering upon the land and constructing and working the highway thereon. Some time after the filing of the claim for damages and before any action was taken thereon, the plaintiff attempted to withdraw the same. With the knowledge of such attempt and within a month of the commencement of this action, the board of county commissioners acted thereon and allowed the same in part only, from which action of the commissioners taken on such claim the plaintiff appealed to the district court for said county, where the matter is now pending and undetermined. Not otherwise than as above stated has the plaintiff ever been secured any compensation for his land for the highway, neither has he ever been paid or tendered any compensation therefor. The plaintiff has always objected to the laying out and opening of the highway across his land, and to the taking of his land for the purpose of the highway and to the removal of the fences thereon, and has not consented to, nor acquiesced in, any action taken or had with reference thereto by either the commissioners or the defendants.

From these facts the court drew the legal conclusion that the taking of the plaintiff's land for the use of the public for a highway without first paying or securing compensation therefor violates the constitution of the state and that the plaintiff is therefore entitled to enjoin the construction of the highway across his land until such compensation is paid or secured.

The defendants contend that the judgment is erroneous because (a) the plaintiff has a full and adequate remedy at law under section 1856, G. S. 1894; (b) the plaintiff having neglected to appeal from the action of the county commissioners in laying out the road, is precluded by section 1863, G. S. 1894, from questioning the legality or regularity of the proceedings; (c) the plaintiff has availed himself of the provisions of section 1856, and thereby waived all objections to the jurisdiction of the board; (d) the plaintiff elected to take damages for the laying out of the road and is therefore estopped to question its validity; (e) the road order in question being in the nature of a judgment cannot be attacked in a collateral proceeding.

1. Chapter 199, p. 362, Laws 1897, authorizes the county commissioners to locate and establish a highway running into more than one town upon the presentation of a petition signed by twenty four freeholders of the county. The trial court has found that the petition which formed the basis of the proceeding to establish this road contained twenty four signatures, but that twenty one only were freeholders. This defect in the petition is fatal, as without a petition properly signed the board has no jurisdiction. Damp v. Town, 29 Wis. 419; State v. County Commrs., 6 Neb. 129; Inhabitants v. County Commrs., 117 Mass. 416. Jurisdiction over the subject-matter could not be conferred by the consent of the parties and therefore the question of whether the plaintiff submitted to the jurisdiction by attempting to appeal from the order laying out the road. is not of present importance. Spurlock v. Dornan, 182 Mo. 242, 81 S. W. 412. This action is a direct attack in which it is sought to have the proceedings adjudged null and void for want of jurisdiction.

2. It is contended that the plaintiff is estopped to attack the validity of the entire proceedings by his appeal from the action of the county commissioners in allowing a part of his claim for damages. But it is clear that none of the elements of estoppel are present. The county was not prejudiced by the filing of a claim for damages or by the appeal from the award. The plaintiff has not received any benefit from his action. Under the circumstances he is not estopped from attacking the proceedings taken in a matter over which the tribunal has no jurisdiction. Elliott, R. & S. § 276.

Nor is he precluded from maintaining this action by a proper application of the doctrine of election between inconsistent remedies. Where a party has the right to choose one of two or more appropriate, but inconsistent, remedies, and with full knowledge of all the facts of the case and of his rights makes deliberate choice of one of them, he is bound by his election and cannot thereafter resort to another remedy. Pederson v. Christofferson, 97 Minn. 491, 106 N. W. 958. Fairly construed, it is evident that the conduct of the plaintiff is as a whole consistent only with the view that he elected his remedy by way of proceedings in equity for an injunction.

After the board of county commissioners made its report establishing a road, the plaintiff attempted to appeal therefrom to the district court, but his appeal was dismissed by the court "for the reason that the appellants had failed to file the notice of appeal with the town clerks of the towns through which said road would run." The questions which the plaintiff now raises could have been determined upon that appeal if it had been properly taken. But it came to nothing and in no way affected the right of the plaintiff to resort to any other appropriate proceedings. Langan v. Whalen, 67 Neb. 299, 93 N. W. 393. Almost a year later, on March 16, 1904, the plaintiff filed with the county auditor a claim for damages amounting to $300, for the laying out and opening of the road across his lands. The commissioners did not act upon this bill until May 24, when they allowed it for $100 only. In the meantime the plaintiff, being evidently further advised as to his rights, attempted to withdraw the claim and the record of this attempt appeared in the form of an indorsement made by the county attorney upon the original bill. The board of county commissioners had notice of this attempt at withdrawal when they allowed the bill for $100.

This action was commenced April 29, about a month before the commissioners allowed the bill. The record does not show when the attempt to withdraw the claim for damages was made, but it is evident that it was 'about the time, and probably before, the suit was commenced. The plaintiff was therefore free to begin the suit as all other proceedings had been dismissed or as he understood withdrawn. See Chicago v. Olsen, 70 Neb. 559, 97 N. W. 831. The action was pending when the board insisted upon allowing the claim for damages. It certainly was not incumbent upon the plaintiff to accept the $100 and

dismiss the action. By accepting the damages he would have estopped himself from questioning the validity of the proceedings to lay out the highway. Bigelow, Est. 673. He might possibly with safety have ignored the action of the board, and proceeded with the suit. The appeal from the allowance of a part of the claim was, under the circumstances, no more than a protest against the action of the board after he had attempted to withdraw his claim.

3. The trial court found that a part of the plaintiff's land had been taken and appropriated for the building of a highway, and that the commissioners did not consider the question of damages which had been sustained by the plaintiff and did not make an award therefor. The constitution (article 1, § 13) provides that "private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured." Laws 1897, p. 363, c. 199, § 5, under which the commissioners were proceeding to establish this road, provides that,

> At the next meeting of the board of commissioners they shall proceed to determine the prayer of such petition; and such board shall declare it granted if a majority of the board so agree and shall direct the auditor to notify the supervisors of the several towns in which such road is located or established or change or vacation is made, when such supervisors will cause to be opened so much of such highway as lies in their respective towns; provided that all damages sustained by reason of laying out or altering any county road shall be assessed by the county commissioners laying out such road and paid by the county.

The act also provides in detail for the procedure when the owner appears and remonstrates against the granting of the petition. The statute thus expressly provides that the commissioners shall determine the damages to which the owner of the land taken for the highway is entitled, and unless this is done the constitutional provision is violated and the landowner may enjoin the opening of the highway. 2 Current Law, 181; Spurlock v. Dornan, 182 Mo. 242, 81 S. W. 412.

The preventive jurisdiction of courts of equity by the writ of injunction is frequently invoked to restrain the opening of streets and highways because of the refusal or omission of the public authorities

to make proper compensation to property holders for damages incurred in taking their land for public use. And the principle is well established in the cases of streets and highways, as in the case of railroads, that the failure to make or tender due compensation to the owner of land for damages incurred by taking his land for the purpose of a road or street, will justify relief by injunctions at the suit of the property owner until his damages are properly adjusted or until compensation is made therefor. In such cases the jurisdiction is exercised for the prevention of irreparable injury which would necessarily result from the prosecution of such public works without just compensation being first made or secured to the property owner, the ordinary legal remedies being regarded as inadequate to afford satisfactory relief. 1 High, Inj. (2d Ed.) § 578; Commissioners v. Durham, 43 Ill. 86. When property is taken directly by the state the constitutional requirement is satisfied if an impartial tribunal is provided for determining the question of compensation to which the citizen may freely resort and be heard at any time and if the sum to which he is entitled is made, when ascertained, a charge upon the public treasury of the state or some subdivision thereof. State v. Messenger, 27 Minn. 119, 121, 6 N. W. 457. The liability of the county is sufficient security. Delaware Co.'s Appeal, 119 Pa. St. 159, 13 Atl. 62; Morris v. Washington (Neb.) 100 N. W. 144.

It is apparent that the statute thus furnishes a proper and adequate method for determining and securing the damages. But the statutory direction was disregarded by the commissioners, and it is now contended that the plaintiff is relegated to the remedy provided by section 1856, G. S. 1894, and that he is restricted to that remedy. But it must be noticed that the road has never been in fact open. After the appeal from the order of the commissioners was dismissed, the auditor notified the supervisors of the proper towns to cause the highway to be opened, worked, and put in repair. The plaintiff refused to move his fence from the line of the road and after it was removed by the supervisors, he replaced it, and has ever since maintained it. Section 1856 applies only to cases where the road has been previously laid out and opened, and no damages have been assessed or allowed or release given and application is made within three years from the date of the laying out of the road. In Banse v. Town of Clark, 69 Minn. 53, 71 N. W. 819,

it was said that this section was not intended as a substitute for the assessment of damages for the taking of land for a public highway required to be made or paid or secured before the road is opened. It was conceded that it was insufficient for such purposes. It is "a remedial statute intended to provide the owner of the land where the highway has already been laid out and opened and is in use as such by the public, but by reason of some irregularity or omission, his damages have not been assessed or paid, with an opportunity to obtain compensation for the taking of his land for such public use. So construed, the statute is constitutional." Section 1856 was intended to provide a method by which a landowner who has impliedly consented to the opening of a highway across his land without his damages having been first paid or secured, may recover the same without attacking the legality of the entire proceedings. It applies to cases of that character only, and is not a substitute for the assessment of damages which is required by the statute to be made before the road is open.

The landowner is entitled to have his damages thus assessed, and as it was not done in the present case, and the plaintiff has never consented to the opening of the road, the judgment appealed from must be affirmed.

Judgment affirmed.