LEW J. TRAYNOR, APPELLANT, v. AUTOMOBILE MUTUAL INSURANCE COMPANY, APPELLEE.

FILED FEBRUARY 10, 1921.   No. 21072.

1. **Insurance: AUTOMOBILE INSURANCE: IMMATERIAL REPRESENTATIONS.** The age of an automobile upon which insurance is sought is material only in so far as it affects its value and thereby the moral hazard to be assumed by the insurer; and an order directing a verdict for a defendant insurance company based solely upon a misrepresentation of the age of the automobile is not warranted.

2. ———: ———: ———. Where an applicant for insurance upon a second-hand rebuilt automobile in his application incorrectly states the year in which the car was originally built, but also in his application states other facts from which the insurer, by ordinary diligence, could have ascertained the correct year, it cannot be said as a matter of law that the insurer was "deceived * * * to its injury" within the meaning of section 3187, Rev. St. 1913.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE.   *Reversed.*

*Field, Ricketts & Ricketts,* for appellant.

*Stocker & Foster, contra.*

CAIN, C.

The plaintiff, Lew J. Traynor, brought this action to recover $1,150 upon an insurance policy issued to him by the defendant company insuring his automobile against loss by fire. Trial was had to a jury. At the conclusion of the testimony, and on motion of the defendant, the

court directed a verdict in its favor. The plaintiff appeals, assigning as error the court's order in directing the verdict against him. This is a rehearing of this appeal in this court.

On June 19, 1920, the judgment of the district court was reversed and the cause remanded, a memorandum opinion being written by Mr. Commissioner Tibbets. On appellee's motion a rehearing was granted, and the cause has been again submitted upon additional briefs and oral argument.

On the 23d day of December, 1914, the defendant, in consideration of the sum of $20.12, issued its policy to the plaintiff, insuring him against loss by reason of fire on a Stearns automobile in the sum of $1,150. The policy was to be in force until the 22d day of December, 1915. On the 23d day of March, 1915, the automobile was totally destroyed by fire, and due proofs of loss were furnished.

In its second amended answer the defendant pleaded three defenses, consisting of alleged false representations by the plaintiff in his application for the insurance, as follows: (a) That the plaintiff represented that the automobile was free from incumbrance, when, in fact, it was incumbered by a chattel mortgage for $285 both at the time of the issuance of the policy and at the time of the fire. (b) That the plaintiff represented in his application that the automobile was built in 1913, when, in fact, it was built in 1910. (c) That the plaintiff falsely represented the cost to him of the automobile.

The first defense, regarding the incumbrance, may be dismissed from consideration, for the reason that the undisputed proof shows that the debt secured by the chattel mortgage was paid in full about six months before the issuance of the policy, though the mortgage itself was not formally released of record. As the defenses are based solely upon the representations made in the application, and as the secretary of the defendant company testified that the company relied upon these representations in issuing the policy, we set out the same here in full:

| | |
|---|---|
| Description of automobile. | Model, 30-60. |
| Made by Stearns. | Motor No. 2020. |
| No. of cylinders, 4. | Horse power, 40. |
| Car No. A-251. | Extra parts, — |
| State license No. Bibe. | Type, Roadster. |
| Motive power, Gasoline | Year built, 1913. |

Usual place of storage, Public garage, 2512-14 Farnam, Omaha, Nebraska.

| | |
|---|---|
| Kind of work for which used, Private pleasure. | From whom purchased, J. W. Hill. |
| Amount paid for automobile, including equipment, $4,300. | Date of purchase, August 1, 1914 |
| Was the automobile new or second-hand? Second-hand. | Was the consideration cash or trade? Trade. |
| If second-hand, state cost to present owner, $1,800. | If trade, describe fully what was given in exchange. National car in trade. |

Is it fully paid for?  Yes.  Is it mortgaged or incumbered? No.

In the foregoing application it is admitted that there was an error in stating the date of the purchase as August 1, 1914, as it should have been August 21, 1913. The evidence shows that the defendant's agent, John Bryant, wrote this application at plaintiff's place of business, and after a personal inspection by the agent of the automobile. The plaintiff testified that the agent got all the information contained in the application from his personal inspection of the car, except the numbers, the date when plaintiff obtained it, and the amount allowed Mr. J. W. Hill, Jr., for the car.

The evidence shows without dispute that the answer "1913" to the question "year built" was incorrect, and that the car was originally built in the year 1910. The evidence also shows without dispute that the Stearns Company turned out no Model 30-60 cars after July 1,

1911. The car itself bore no evidence of when it was built. The evidence further shows that the Traynor Automobile Company, a copartnership of which plaintiff was then a member, got the car on August 21, 1913, from John W. Hill, Jr., allowing $1,872.59 therefor in trade; that the automobile was practically destroyed by fire on September 11, 1913, and that the Traynor Automobile Company received $1,700 insurance money for the loss from the Providence-Washington Insurance Company; that on September 24, 1913, J. F. Traynor, plaintiff's brother at Omaha, made sworn proof of loss by the first fire, in which he stated that the car was a "Stearns Touring Car 1910," but that plaintiff knew nothing of such proof of loss; that, after the first fire, about $500 was spent in repairing it, and that in March, 1914, it was completely rebuilt and changed from a four-passenger touring car to a two-passenger roadster. The car was insured by the defendant in its reconstructed form, and was totally destroyed by fire on March 23, 1915. In sustaining defendant's motion for a directed verdict, the court used the following language:

"Gentlemen of the jury, I have heard counsel in this matter on a motion to direct a verdict for the defendant, and I have concluded that the motion ought to be sustained. It is my opinion that under the evidence in the case plaintiff is not entitled to recover. I think the misrepresentation in regard to the age of the car was one that was material to the risk, one that the company had a right to rely upon in issuing this policy, and that it misled the company to its detriment and injury, and I have, therefore, concluded to direct you to return a verdict in favor of the defendant, and I will appoint Mr. Levi as your foreman to sign the verdict under the direction of the court." Plaintiff took exception.

It will be seen from the foregoing remarks of the trial judge that he deemed the misrepresentation as to the year in which the car was built as such a representation as deceived the company to its injury, and thus avoided the policy, as a matter of law.

Considerable testimony was taken as to the cost and condition of the reconstructed car, but it is not argued at length in the briefs and is not sufficient to affect our decision, and we therefore dismiss it from further consideration. In any event, it would have been for the jury.

The chief argument is with reference to the misstatement of the age of the automobile; the plaintiff admitting that the statement in the application that it was built in the year 1913 is technically incorrect, but insisting that it did not deceive the company to its injury, since the admittedly correct information given by the plaintiff in the application that the car was a "Model 30-60" gave the defendant the means of ascertaining the true, approximate date when the car was built. The appellee, on the other hand, contends that the representation in the application that the car was built in 1913, when, in fact, it was built in 1910, was alone such a misrepresentation as avoided the policy. The question therefore is whether this misrepresentation contained in the application is sufficient to avoid the policy and justify the trial court in directing a verdict for the defendant, under section 3187, Rev. St. 1913, which reads as follows:

"No oral or written misrepresentation or warranty made in the negotiation for a contract or policy of insurance by the insured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent it attaching unless such misrepresentation or warranty deceived the company to its injury. The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding."

Of course, if reasonable men might honestly draw different inferences from the facts in evidence, it was error to take the case from the jury. *Habig & Spiler v. Layne,* 38 Neb. 743; *Thomson v. Shelton,* 49 Neb. 644; *Langan v. Whalen,* 67 Neb. 299; *Continental Lumber Co. v. Mun-*

*shaw & Co.,* 77 Neb. 456; *Schwanenfeldt v. Chicago, B. & Q. R. Co.,* 80 Neb. 790.

Plaintiff testified that he knew that the answer of 1913 was in the application when he signed it, and that he then believed it to be true, but at the time of the trial he knew that it was incorrect. We are rather inclined to take the view urged by the appellee, however, that under the decisions of this court the good faith of the plaintiff in making these representations is not material. *Seal v. Farmers & Merchants Ins. Co.,* 59 Neb. 253; *Madsen v. Farmers & Merchants Ins. Co.,* 87 Neb. 107; *Foley v. Holtry,* 43 Neb. 133.

As we regard this case, the view taken by the trial court was too circumscribed and was erroneous. The defendant company was informed by the application that the car was second-hand, secured by the applicant in trade. The only materiality of the year when the car was originally built was as it affected its value and thereby the moral hazard of the risk assumed by the company. As the automobile in this case had been partially rebuilt in 1913 and completely rebuilt in 1914, the year when it was originally built was not much of an index to its real value. Originally it was a four-passenger touring car, and it was almost entirely changed. It might well have been that, after having been rebuilt in 1914, it was more valuable than a new car built in 1913. Hence, we do not consider that the erroneous statement in the application that the car was built in 1913 was, under the circumstances, very material, and certainly it was not sufficiently material under our statute to warrant the court in holding as a matter of law that it deceived the insurer to its injury. For this reason, we believe that the order directing a verdict for defendant was erroneous.

There is another view to be taken in this case. It is that, while the application erroneously stated 1913 as the year when the car was built, the application correctly stated the Model "30-60," and thus the applicant put in possession of the company the means of learning that no

Traynor v. Automobile Mutual Ins. Co.

Stearns automobiles of the Model 30-60 were built after the year 1910, or early in 1911. Was it the duty of the company to pursue this clue furnished by the applicant toward discovering the fact? We think so. Berry, Automobiles (2d ed.) sec. 940, is as follows:

"But an insurance company is regarded as knowing what it ought to know, and it cannot set up a material misrepresentation in defense of an action on a policy, if with proper attention to its own business it could have been apprised of the truth of the subject of the representation. And if it knows that such statement was false and proceeds as if it were true, it will be estopped to set it up in defense." See *British & Foreign Marine Ins. Co. v. Cummings*, 113 Md. 350.

With this information furnished in the application, it cannot be said as a matter of law that the company was deceived by the misstatement of the year in which the car was built.

There is still another view of this case that we think tenable. It is that, even assuming that the company was deceived by the misstatement of the year in which the automobile was originally built, and even assuming that it was under no obligation to learn that no Model 30-60 cars were built by the Stearns company after 1910, still it does not appear that such deception was "to its injury," as required by the statute, for the simple reason that there is no evidence that the car as completely rebuilt was less valuable at the time the policy issued than a car built in 1913 by the Stearns company would have been.

In our opinion the court was not warranted in directing a verdict for the defendant, and we therefore recommend that the judgment of the district court be reversed and the cause remanded.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, and this opinion is adopted by, and made the opinion of the court.

REVERSED.