## YOUNG v. NEW JERSEY INS. CO.

(District Court, D. Montana. November 11, 1922.)

### No. 1053.

Insurance ☞424—"Collision," in automobile policy, held to cover unusual contact between the automobile and the roadway.

Damage to an automobile while being driven on a highway, resulting from the breaking of the front axle and the dropping of the broken axle and frame to the roadway, where they caught, causing the car to overturn and strike the ground with great force, *held* due to "collision," within the terms of a policy insuring against damage from accidental collision "with any other automobile, vehicle, or object."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collision.]

At law. Action by C. W. Young against the New Jersey Insurance Company. Trial to court, and judgment for plaintiff.

Joseph P. Donnelly, of Havre, Mont., and Nolan & Donovan, of Butte, Mont., for plaintiff.

Earl N. Genzberger and Geo. F. Shelton, both of Butte, Mont., and J. W. Freeman, of Great Falls, Mont., for defendant.

BOURQUIN, District Judge. This action for damages to plaintiff's auto, insured by defendant, a New Jersey corporation, after issue joined and jury waived, is tried to the court on the following "agreed statement of facts":

"It is hereby agreed by and between the parties to the above-entitled action that the accident occurred in the following manner, to wit: That while plaintiff was driving the said automobile upon the public highway at the rate of approximately 30 miles per hour, and was crossing a coulée, the front axle of the car broke, and thereupon the broken axle and frame of the car was let down to the earth, and plowed into the earth with great force and violence; that the force and resistance with which the automobile thus met was sufficient to cause the same to pivot and overturn, and that the damage resulted therefrom; that the said damage was caused by the resistance and impact with which the end of the broken axle and the front end of the car met when it thus came in contact with the earth after the breaking of the axle, and that it would not have thus come in contact with the earth if the axle had not broken. It is further agreed between the parties that immediately and for some time preceding the breaking of the axle the same was defective, and was cracked so as to substantially weaken the same; that this defect was unknown to the plaintiff and could not be detected by ordinary, careful observation. It is further agreed that, if the damage caused as specified above is within the risks covered by the policy, the plaintiff shall have and recover the sum of $3,900, with interest thereon from the 19th day of March, 1922, at the rate of 8 per cent. per annum. All other defenses on the part of the defendant are abandoned."

The policy, issued in Montana and dated July 3, 1921, insures "against direct loss or damage caused * * * by the perils specifically insured against." These perils are fire, lightning, theft, robbery, pilfering, those "while being transported in any conveyance by land or

water, stranding, sinking,. collision, burning, or derailment," and those within the following "collision clause":

"(Covering damage sustained in excess of $100, deductible.) In consideration of an additional premium of $50.00 this policy also covers, subject to its other conditions, damage to the automobile or equipment herein described in ' excess of $100.00 (each accident being deemed a separate claim and said sum to be deducted from the amount of each claim when determined) by being in accidental collision during the period insured with any other automobile, vehicle or object, excluding (1) loss or damage to any tire due to puncture, cut, gash, blowout,.or other ordinary tire trouble; and excluding in any event loss or damage to any tire, unless caused in an accidental collision, which also causes other loss or damage to the insured automobile."

From the "agreed statement" it appears that, the auto moving·rapidly over the road, the front axle broke, it and the frame dropped to the road, and the energy of forward motion, resisted, caused the axle and frame to penetrate the road surface, and the auto to pivot and overturn, coming into violent contact with the earth, resulting in damage to. the auto as aforesaid. The only issue is whether this occurrence was a "collision," within the meaning of the "collision clause."

When this policy issued, the definition of "collision," in auto insurance, was in process of development and extension beyond that popular or ordinary, and to include some, if not any, unusual contact between auto and road or earth. There was some conflict in court decisions, but in the courts of defendant's domicile in some others the law was fairly settled that an occurrence like or analogous to this at bar was a "collision," within the meaning of the word in auto insurance. See Harris v. American Casualty Co., 83 N. J. Law, 641, 85 Atl. 194, 44 L. R. A. (N. S.) 70, Ann. Cas. 1914B, 846; Universal Service Co. v. American Ins. Co., 213 Mich. 523, 181 N. W. 1007, 14 A. L. R. 183. All decisions relating to the·subject, extant when this policy issued, are reported or referred to in Bell v. American Ins. Co., 173 Wis. 533, 181 N. W. 733, 14 A. L. R. 179; Universal Service Co. v. American Ins. Co., 213 Mich. 523, 181 N. W. 1007, 14 A. L. R. 183; Traynor v. Automobile Mut. Ins. Co., 105 Neb. 677, 181 N. W. 566, 14 A. L. R. 195; Rydstrom v. Queen Ins. Co., 137 Md. 349, 112 Atl. 586, 14 A. L. R. 212. See, also, Moblad v. Western Idemnity Co. (Cal. App.) 200 Pac. 750.

In these cases the meaning of the word "collision" is extensively set out, and so needs no repetition here. Because of this development and extension of the word's meaning, some insurance companies in policies insert express exclusions of contacts with roadbed or way, ditch, or gutter, railroad ties or rails, or those contacts with the earth or other object primarily due to upsets or overturns. None of these exclusions are in this policy, but there is a limited one of "loss or damage to any ' tire due to puncture, cut, gash, blowout, or other ordinary tire trouble," due to "being in accidental collision with any other automobile, vehicle, or object"; that is, from the possible or probable meaning of "collision" defendant expressly excluded tire damage from contact with glass, tacks, or stones, and other hard objects on the surface or imbedded and a part of road or earth, or from contact with ruts, depressions, or other surface irregularities.

This must have been done, lest otherwise these common incidents of an auto's ordinary progress be held to be within the meaning of "collision," as used in this policy, and it is indicative that unexcluded contacts with road or earth, causing other than tire damage, were by the parties deemed to be within the meaning of the "collision clause" aforesaid. In view of the premises and the rules of interpretation applicable thereto, it is believed that the damage to plaintiff's auto was caused by a collision within the intent of the policy in suit.

The simplest ordinary definition of "collision" is "a striking together of two objects." The road and earth are objects. Defendant dictated this policy with the foregoing limited express exclusions, and presumptively with knowledge of the development and extension of the meaning of "collision" in the usage of auto insurance, of the conflicting court decisions, including those of the courts of defendant's domicile, and of the initiated practice to insert in policies express exclusions from collisions to any extent desired by the insurer. In these circumstances, the rule is that, if the policy contains words of several meanings in insurance usage, that meaning most favorable to the insured will be adopted. It is not overlooked that the "collision" in the policy in respect to vessels and cars is used in a more restricted sense. Apparently it does not import contacts with the earth, for to include that contingency the word "stranding" is used in respect to vessels, and the word "derailment" in respect to cars. But the rule that the same words are presumed to be used in the same sense, in a written instrument, yields to other words and circumstances disclosing a different intent.

The findings are of the foregoing, and for plaintiff, from which it is concluded plaintiff is entitled to recover of and from defendant in the amount set out in the agreed statement.

Judgment accordingly.