# HERBERT W. RYDSTROM

*vs.*

# QUEEN INSURANCE COMPANY OF AMERICA.

*Automobile Policy—Theft—Person in Assured's Household.*

A nephew of the assured who, while spending a few days at the latter's home, took the key of the latter's automobile from his bedroom and obtained the automobile from the public garage at which it was kept, *held* to be a person "in the assured's household" within the meaning of the exception in a policy insuring the automobile against theft except by such a person.

*Decided January 11th, 1921.*

Appeal from the Baltimore City Court (AMBLER, J.).

The cause was argued before BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Charles C. Wallace,* with whom were *Edward M. Hammond* and *Harry E. Karr* on the brief, for the appellant.

*John B. Deming,* with whom were *Keech, Deming, Kemp & Carman* on the brief, for the appellee.

BRISCOE, J., delivered the opinion of the court.

This is a suit brought by the plaintiff against the defendant in the Baltimore City Court on an automobile policy of insurance dated the 7th of September, 1918, insuring a "Westcott" automobile for one year for $2,000 against theft, robbery or pilferage, excepting by any person or persons in the assured's household or in the assured's services or employ

ment, whether the theft, robbery or pilferage occur during the hours of such service or employment or not, and excepting also the wrongful conversion or secretion by a mortgagor or vendee in possession under mortgage, conditional sale or lease agreement.

The seventh count of the declaration avers:

"that the defendant by its policy of insurance No. 1518, dated September 17th, 1918, did insure the five-passenger Westcott automobile of Herbert W. Rydstrom for the period of one year against loss or damage resulting from theft, fire, robbery or pilferage, as will more fully appear by reference to the said policy of insurance, the original of which profert has heretofore been made, and the said plaintiff does now bring the same into court here, the date whereof is the day and year aforesaid, it being agreed in said policy that if the plaintiff should sustain a loss of said Westcott automobile by theft, robbery, fire or pilferage, that the said defendant would pay to the plaintiff named in said policy the sum of $2,000.00; that said policy was in force on the 7th day of February, 1919, and that on or about that date the automobile of the plaintiff so insured by the defendants was stolen from the plaintiff, and there became due and payable unto the plaintiff the sum of $2,000.00, the payment of which the plaintiff has demanded of the defendant, and the payment of which has been refused by the defendant."

The defense relied upon by the defendant company was based upon the ground that the theft of the automobile had been committed by a person in the assured's household, and, therefore, the loss was not covered by the policy, but was specifically excluded and excepted therefrom.

At the close of the evidence upon the part of the plaintiff the court below granted a prayer, at the request of the defendant, withdrawing the case from the jury and directing a verdict for the defendant. The ruling of the court in granting

this prayer presents the only important question to be considered by us on the appeal.

The facts necessary for us to notice are these: The appellant was the owner of a Westcott automobile which was insured by the appellee company under the policy set out in the record. On February 3rd, 1919, as stated by the appellee, in its brief, while the policy was in force, the appellant's nephew, Frederick Rydstrom, then about eighteen years of age, came to his uncle's home for a visit, the prospective duration of which is not disclosed. Some time during the night of February 7th, the nephew went to his uncle's bedroom while the latter was sleeping, took the switch key of the automobile from his uncle's pocket, went to the garage where the automobile was stored, and by misrepresentations induced the custodian to let him take it out. The car was discovered several days later in a garage at Alexandria, Va. It was not in running condition and bore evidence of severe usage. The appellant took possession of the car, had temporary repairs made, brought the car to Baltimore, sold it for $1,200; and claimed of the appellant, as a loss under the policy, the difference between the intial cost of the car plus repairs, and the selling price.

The plaintiff testified that on February 3rd, Monday, a nephew of the plaintiff, his brother's boy, came to his home from St. Louis, as a guest and remained there; that the boy's father is in business in St. Louis and that is his home; he was seventeen or eighteen years of age at the time; that the plaintiff lives in a house on Guilford Terrace; that the boy had been in his house before in October, 1917, and October, 1918, for one or two days at a time; that his home was in St. Louis, but he had never stayed at his house for more than one or two days at a time.

He further testified that on Friday, October, 1917, his nephew came to his house, but left on Sunday evening, because he was attending the Bliss Electric Academy in Washington, and he said he had to go back to his studies Monday

morning; that he came over to see his uncle and aunt on the
first occasion that he came; that he never paid any board
when he was there either time; that he came there as a
nephew, as any friend would be received and was given the
freedom of the household as it would be given to any guest
that the witness thought enough of to bring to his home.

He further testified that about ten o'clock in the evening
of February 7, 1919, the appellant, his wife, and the nephew,
retired to their sleeping rooms and sometime later the nephew
entered the bedroom of the appellant, and from his (appel-
lant's) coat or trousers pocket secured the key of the auto-
mobile in question.  He went to the public garage where the
machine was kept, having been there with the appellant two
or three times, though never being introduced in any way
as having any control over the machine, and told the watch-
man that his uncle was dying and needed a doctor and it was
necessary to use the automobile, inquiring of the watchman
the address of the nearest physician, which was told him.
He obtained the machine and thereafter drove to Alexandria,
Virginia, there selling it and spending the money.  Here he
was arrested, later being brought to Baltimore and upon in-
dictment by the grand jury of Baltimore City for larceny
of the machine, pleaded guilty, sentence being suspended,
and he was delivered to the Boston authorities for trial for
forgery, where he was sentenced to six months.  The car was
later obtained by the appellant and, while costing $2,120,
yet after certain repairs was sold for $1,200.  In October,
1919, the nephew came to Baltimore and burglarized the
appellant's place of business, and was sentenced to the Bal-
timore City jail for two years.

The evidence, it will be seen, is undisputed, as to the lar-
ceny or loss by theft of the automobile and that the nephew
of the appellant committed the theft.

There was no disputed issue of fact for the jury to find,
and the liability of the defendant is to be solved by the con-
struction to be given the contract of insurance, and especially
that part of the policy of insurance which reads, "excepting

by any person or persons in the assured's household, or in the assured's services or employment."

The question for decision in the case is a narrow one, and is, whether the theft of the automobile by the plaintiff's nephew, under the facts of the case, falls within the meaning of the exception, used in the contract of insurance, excluding liability of the company if the person committing the theft be "in the assured's household."

The court below held that, under the language of the policy in this case, the defendant was not liable and the automobile was excepted from the policy, and in this construction of the policy we entirely concur.

The general definition of "household," it will be seen, when used as a qualifying word, is pertaining or belonging to the house or family. *Alsup* v. *Jordan,* 69 Texas, 304; *Huston* v. *State Ins. Co.,* 100 Iowa, 402; *Arthur* v. *Morgan,* 112 U. S. 495. In *Re Lambson,* 14 Fed. Cases, 1047, it is said, the term "household," includes all the dwellers in a house under the common control of one person. 21 *Cyc.* 1113.

The policy in this case covered by its terms, and excepted from its operation "any person or persons in the assured's household, or in the assured's services or employment." The appellant testified that his nephew was given the freedom of the household, and it was while there, he went to his uncle's room, at night, stole the switch-key from his pocket, and obtained the car from the public garage. As stated by the appellee in its brief, he was obliged to be in the house, in order to get the key, and possession of the key was necessary in order to obtain the car. The testimony shows that the theft was committed by a person in the assured's household, and by the appellant's nephew while he was living for a short time in his uncle's home.

The policy, as the language clearly indicates and means, was to insure against theft, robbery, etc., etc., "except by a person or persons in the assured's household," and if the

theft was committed by a person or persons in the assured's household, the company would not be liable.

The object and purpose of an exception, like the one we are here dealing with in this policy, was to guard the company against liability for such thefts as we have in this case, and to prevent fraud and collusion by and between the assured and persons in a household or in the assured's services or employment.

Finding no error in the ruling of the court below, the judgment will be affirmed.

*Judgment affirmed, with costs*