CENTRAL STATES INVESTMENT COMPANY v. ARTAS H. BOETTCHER AND ANOTHER.[1]

March 28, 1930.

No. 27,676.

[1]Reported in 230 N. W. 120.

 

*L. K. Eaton,* for appellant.

*Mead & Bryngelson* and *John A. Goldie,* for respondents.

STONE, J.

Replevin for six silver fox pups. Defendants had a verdict, and plaintiff appeals from the order denying its alternative motion for judgment notwithstanding or a new trial.

Defendant Ruth H. Boettcher is in the case as an alleged assignee of her son and codefendant, Artas H. Boettcher, who for convenience will be referred to as though he were the only defendant. In January, 1925, he was the owner of three pairs of silver foxes then being "ranched" for him on a fox farm near Minneapolis. On the 23d of that month he mortgaged them to plaintiff. It is conceded that the mortgage covered the issue of the mortgaged animals, and plaintiff claims possession of the replevined pups upon the theory that they are the offspring of the animals mortgaged.

■ One issue submitted to the jury was whether defendant had proved by a fair preponderance of the evidence "that he made a contract based upon a valuable consideration to the effect that the mortgage would be released as to these fox pups." There is evidence sufficient to sustain an affirmative finding on that issue. Default having occurred in the payment of the mortgage indebtedness, plaintiff threatened foreclosure of the mortgage. In that situation, defendant testified, a representative of plaintiff made "the agreement" with him that if he would give them a bill of sale of the old foxes they would sell them for his account at not "less than $1,500 net price" and that "the pups would be mine and they did not claim them." For plaintiff it is admitted that defendant declined to give another mortgage on the young foxes because "he had other use" for them. But without any corroboration, the testimony of defendant is sufficient to support the verdict so far as it may be based on a finding that the mortgage was released.

Plaintiff had no legal right to the bill of sale. Defendant was under no obligation to furnish it. In executing and delivering the document, and it was executed and delivered by him, he changed his position and did an act which was of value to plaintiff and so a valuable and sufficient consideration for its promise, if made, to make no further claim on the young foxes. Home Supply Co. Inc. v. Ostrom, 164 Minn. 99, 204 N. W. 647; 2 Dunnell, Minn. Dig. (2 ed.) § 1750; Restatement of the Law of Contracts, Am. Law Inst. §§ 75-76.

Another issue submitted to the jury was whether "these fox pups were the issue of the old foxes that were covered by this chattel mortgage." Of course the burden was upon plaintiff to show by a fair preponderance of the evidence that the replevined pups were the offspring of the animals originally mortgaged. The evidence and argument have much to do with the manner in which silver foxes are customarily bred and "ranched." The young are born in dark dens, and for some time after birth care is taken to insure mother and young as much privacy as possible. There can be no eyewitnesses to say that a given pup is a child of any mother. There is every indication, except the testimony of eyewitnesses, that the young foxes now in question were considered by the employes on the ranch where they were born and by defendant, their owner, as the issue of the mortgaged females. The ranch records, kept for the purpose of showing ownership and pedigree, are in evidence to the same effect. It may be, as argued for defendant, that one or more of the pups was a substitute or substitutes for a pup or pups actually born to one or more of the mortgaged females. It is suggested that a pup actually born to one of them might have been removed because of illness and for purposes of treatment, his identity lost and another substituted. Another suggestion is that a young fox might escape from the pen of its mother and another be substituted.

Allowing due weight to all such suggestions, the fact remains that the replevined pups are either the issue of the mortgaged parents or substitutes for such issue. As between all the parties con-

cerned the pups were considered for all purposes the issue of the mortgaged animals until the technical openings of a lawsuit suggested the feasibility of a denial. Of course the burden is upon plaintiff in replevin to identify the property. But that burden surely is satisfied when his proof goes to the extent that it did in this case and shows that for every practical purpose the replevined property must be considered that which was mortgaged. Such questions are to be solved sensibly rather than technically and with due regard to such practical considerations as those which are presented in this case concerning the manner in which silver foxes are now bred and "ranched." Every one of the pups was either the actual offspring of one of the mortgaged females or had been substituted in the place of such an offspring under a scheme whereby more or less interchange of young foxes is contemplated and practiced for the benefit of the owners of the breeding stock.

Plaintiff's evidence on this issue is unopposed. It offers no basis for a reasonable inference in defendant's favor. In consequence it was prejudicial error to submit the issue to the jury. Reed v. Lammel, 40 Minn. 397, 42 N. W. 202; Hollister v. Hines, 150 Minn. 185, 184 N. W. 856; 5 Dunnell, Minn. Dig. (2 ed.) § 7174.

Order reversed.

