## ALER v. TRAVELERS INDEMNITY CO.
### No. 4883.

United States District Court
D. Maryland, Civil Division.
Sept. 21, 1950.

Z. Townsend Parks, Jr., Baltimore, Md., for plaintiff.

Jesse Slingluff, Jr., Michael P. Crocker, and Marbury, Miller & Evans, all of Baltimore, Md., for defendant.

CHESNUT, District Judge.

This suit for a declaratory judgment, brought by the plaintiff, an insured, against the insurer in the Circuit Court of Baltimore City, and removed to this court, has been heard on the complaint, answer and evidence in court. No point is made as to the procedure or the entire propriety of the present decision of the controversy on the merits. The facts disclosed by the evidence are as follows:

1. On July 23, 1949 the Travelers Indemnity Company issued to the plaintiff Aler its automobile liability policy for a stated premium which was duly paid by the insured. The automobile described was a 1939 Mercury sedan of a certain number.

2. On November 23, 1949, while the policy was still in force, the plaintiff Aler while driving another automobile owned by his mother-in-law, who was living with him at the time, was involved in an accident whereby a pedestrian was physically injured and the latter has made demand for damages against the plaintiff Aler.

3. The insurer has denied liability under the policy. The purpose of the suit is to obtain a declaratory judgment as to whether the insurer is legally obliged, under the conditions of its policy, to defend the damage suit if and when brought, and to pay any judgment therein recovered by the insured person against Aler, within the limits of the policy.

4. The principal coverage of the policy is, of course, to indemnify the insured against personal liability for injuries caused by his own use of the described automobile, but under the printed conditions of the policy (in a standard form now in general use for some years past) the insured is likewise to be indemnified against liability incurred by the use of his automobile by other persons, and, more importantly for this case, by his own use of automobiles *other* than the one described in the policy; but with certain exceptions or limitations on this latter expanded coverage which is provided for in Article V of the insuring agreements. The first paragraph of this Article V provides, as applicable to the

present case, that the insured is likewise to be indemnified for personal liability, by his use of "any other automobile, subject to the following provisions * * * (b) This insuring agreement does not apply: (1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use to the named insured or a member of his household other than a private chauffeur or domestic servant of the named insured or spouse;". The decision in this case turns upon the construction and proper application of this excepting clause to the facts of the case which follow.

5. The plaintiff James F. Aler is engaged in the real estate business in Baltimore County, is married and living with his wife and 22-year old son on Taylor Avenue in Baltimore County, Maryland. Mrs. Aler's mother, now 74 years of age, prior to 1948 had for years been living on a farm in Indiana with her husband who recently theretofore died. She sold the farm and then came to live with her daughter, Mrs. Aler, in Baltimore County but making periodic visits of some weeks or a month or so from time to time to one or the other of her three sons living in States other than Maryland. When she came to live with her daughter and son-in-law she brought with her various personal effects including a 1939 Plymouth automobile, involved in the accident while driven by the plaintiff. When the mother-in-law, Mrs. Sharp, came to live with her daughter the automobile was registered with the Commissioner of Motor Vehicles of Maryland and had been insured with respect to the owner's personal liability in another insurance company, the policy of which had inadvertently been allowed to expire prior to the accident in this case.

6. On December 13, 1949 the plaintiff signed a written statement made to an investigator for the Travelers Indemnity Company, which included the following with regard to the use of the Plymouth car: "My wife (Lucille) my son and I have been driving Mrs. Sharp's car since it was in Baltimore and we have all been using both cars when needed. These cars are usully parked alongside my home in or on a cement driveway one behind the other when not in use. When either of us want to use a car we take the car nearest the street, leaving the other for use by any one of the other three members of the family to use. On the morning of this accident my son had come in a little late and had been using Mrs. Sharp's car and parked it behind my car which was already in the driveway. I had retired and heard him come in with Mrs. Sharp's car. I went to work at 8:30 A. M., on this morning (November 23, 1949) and as Mrs. Sharp's car was at end of driveway or nearest the street I drove to work in my mother-in-law's (Mrs. Sharp) car."

Later the plaintiff returned to his home for some luncheon and then drove away again in the Plymouth car to perform a business errand, his wife being with him in the car at the latter time when the accident occurred a few blocks from their home.

7. Mrs. Sharp, the mother-in-law and owner of the Plymouth car, was a member of the plaintiff's household at the time of the accident and had been for a year or more theretofore and also thereafter. From about October 1949 to March 1950 she was ill and confined to her bed. Recently she has been visiting her brother in San Francisco but is expected to return to the plaintiff's home shortly. She paid no rent or board to the plaintiff. She seldom if ever personally drove her automobile.

On these facts my *conclusion of law* is that the insured is not covered by the policy in evidence. The facts of the case make applicable the exception above quoted in subparagraph (b) of Art. V with regard to the use of other automobiles. The particular Plymouth automobile involved in the accident and driven by the insured at the time was (1) owned by a member of the plaintiff's household and (2) under the facts was "furnished for regular use to the named insured or a member of his household" within the meaning of the exception. In short, the household consisted of a family with two automobiles interchangeably used.

This case involves the construction and application of the so-called "drive other automobiles" clause of the present standard automobile liability policy. The general purpose and effect of this provision of the policy is to give coverage to the insured while engaged in the only infrequent or merely casual use of an automobile other than the one described in the policy, but not to cover him against personal liability with respect to his use of another automobile which he frequently uses or has the opportunity to do so. More specifically the evident intention of the limitation with respect to other automobiles is to prevent a situation in which the members of one family or household may have two or more automobiles actually or potentially used interchangeably but with only one particular automobile insured. That this is the general purpose of the provision is well and clearly stated in the annotation on the subject in 173 A.L.R. 901. And see Lumbermens Mutual Cas. Company v. Pulsifer, D.C.Me., 41 F.Supp. 249; Rodenkirk v. State Farm Mut. Auto Ins. Co., 325 Ill. App. 421, 60 N.E.2d 269.

In the instant case counsel for the insurer contends, rightly I think, that both by the grammatical construction of the excepting clause, and also in accordance with its evident purpose, the insured was not covered while driving any automobile other than the one named in the policy if (1) the other automobile was owned by "a member of his household" (other than a private chauffeur or domestic servant); or (2) if the other automobile was hired by him for frequent use; or (3) "furnished for regular use to the named insured or a member of his household" (other than a private chauffeur or domestic servant). He contends that under the facts of this case the exception applies both because the automobile was owned by a member of the plaintiff's household and also was furnished for the regular use of a member of the household. On the other hand counsel for the plaintiff contends that the proper grammatical construction of the excepting clause does not permit the exclusion of the automobile involved in the case merely if owned by a member of the plaintiff's household, but only if that automobile was furnished for regular use to the named insured or a member of his household (other than a private chauffeur or domestic servant), and that the facts do not justify a finding that the automobile in question was so furnished for regular use.

As to the latter contention, on the facts it is true that the plaintiff as a witness testified that he did not frequently use the Plymouth automobile, but even so, it is clear enough from his statement to the defendant's investigator, which I accept as substantially correct, that he was at liberty to use it when desired. And it is equally clear that it was quite regularly and frequently used by other members of his household, particularly his wife and son. It is thus quite apparent that the automobile was furnished by the mother-in-law for its regular use not only for her own benefit but for that of other members of the household.

Beyond this, both the grammatical construction and the obvious purpose of the excepting clause is to include as an exception to liability the use by the insured of an automobile owned by a member of his household. While the quoted clause is not ambiguous in meaning, it does require careful and close reading to gather its whole meaning. This is apparently due to a revision and condensation of the phraseology used, for brevity. And this will I think appear when the present phraseology of the condition is compared with other or earlier forms of the same subject matter to be found in the wording of the condition appearing in Lumbermens Mut. Cas. Co. v. Pulsifer, D.C.Me.1941, 41 F.Supp. 249; Island v. Fireman's Fund Indem. Co., 1947, 30 Cal.2d 541, 184 P.2d 153, 173 A.L.R. 986; Fleming v. Travelers Ins. Co., 206 Miss. 284, 39 So.2d 885; Pacific Auto Ins. Co. v. Lewis, 56 Cal.App.2d 597, 132 P.2d 846. Thus, on close reading, the excepting clause (eliminating wording not applicable in this case) excludes from coverage the use of any other automobile (1) owned by the insured or a member of his household or (2) furnished for regular use to the insured or a member of his household  Ro-

denkirk v. State Farm Mut. Auto Ins. Co., 325 Ill.App. 421, 60 N.E.2d 269.

It is quite clear on the facts found in this case that Mrs. Sharp, the mother-in-law, and the owner of the Plymouth automobile involved, was a member of the plaintiff's household. State Farm Mut. Auto. Ins. Co. v. James, 4 Cir., 80 F.2d 802; Rydstrom v. Queen Ins. Co., 137 Md. 349, 112 A. 586, 14 A.L.R. 212; Farm Bureau Auto. Ins. Co. v. Violano, 2 Cir., 123 F.2d 692; Ocean Acc. & Guar. Co. v. Schmidt, 6 Cir., 46 F.2d 269; Arthur v. Morgan, 112 U.S. 495, 5 S.Ct. 241, 28 L.Ed. 825.

It follows that the plaintiff is not entitled to a declaratory decree in favor of the coverage as, in my opinion, under the facts found the insurer is not liable on its policy to the plaintiff.

The appropriate order may be presented by counsel in due course.