MAE EVELYN RANDALL v. GOODRICH-GAMBLE COMPANY.
IRA RANDALL v. SAME.[1]

September 12, 1952.

Nos. 35,592, 35,593.

[1]Reported in 54 N. W. (2d) 769.

*Meagher, Geer & Markham, Arthur B. Geer,* and *O. C. Adamson II,* for appellant.

*Clifford W. Gardner* and *Robert P. Liesch,* for respondents.

KNUTSON, JUSTICE.

This case comes to the writer on reassignment after rehearing. The opinion filed March 28, 1952, is hereby withdrawn and the following opinion filed in lieu thereof.

This case arises out of actions for breach of an express warranty brought by Mae Evelyn Randall and her husband, Ira Randall, to recover damages for personal injuries sustained by Mae Randall and consequential damages sustained by her husband.

The alleged express warranty on which plaintiffs rely is said to be contained on the label of a bottle of liniment. It is substantially in this form: "FOR MAN AND BEAST * * * Follow directions carefully and you will be rewarded with good results." The product was made and distributed by defendant. The sale, however, was made to Ira Randall by a retail druggist under the circumstances related by the following testimony:

"Q. Where did you buy this bottle?

"A. At Heller's Drug Store on 10th and St. Peter.

\* \* \* \* \*

"Q. Did you trade at Heller's off and on for whatever you wanted?

"A. On the way home I stopped in there and got whatever I wanted. My hands were kind of in water a lot and they got a little

sore and I intended to put it on, but I never did put it on and used some lotion instead.

\*    \*    \*    \*    \*

"Q.    When you got it for the purpose of chapped hands, did you speak to the druggist, was it recommended for that purpose?

"A.    Well, no, I didn't. I wanted something that would be kind of—it was chapped and sore and I figured something \* \* \* like that would be good."

On February 28, 1947, Mrs. Randall applied the liniment to her ankle according to directions on the label in an effort to relieve the pain resulting from having turned her ankle. She testified that she read the directions and believed that 'she would get some help for her ankle. Thereafter it developed that she suffered a severe chemical burn requiring hospitalization and surgical treatment. Plaintiffs produced medical testimony to the effect that the burn was caused by the liniment. This was contradicted by defendant.

The jury returned a verdict of $10,000 for Mae Randall and one of $3,000 for Ira Randall. Defendant appeals from the denial by the district court of its blended motions for judgment notwithstanding the verdict or for a new trial.

The complaints alleged the existence and breach of both an express and an implied warranty, but before the court gave its instructions to the jury plaintiffs withdrew as an issue in the case any question of liability arising out of or under an implied warranty. There is a dispute as to the understanding behind the withdrawal of that part of the case. Plaintiffs contend that defendant is estopped from raising the question of the existence of an express warranty because their withdrawal of the implied warranty theory was induced by defendant's concessions that an express warranty existed, and that the important issue involved is whether there was a breach of the warranty. Defendant emphatically denies any such concession. In our opinion, the record does not sustain plaintiffs' version of this episode; therefore, we must consider the merits of defendant's contentions on this appeal.

The instructions of the court are so ambiguous that the members of this court have not been able to agree on just what the court did intend to instruct the jury. The portion of the court's instructions which seemingly causes the most difficulty is as follows:

"Where a product is sold and held out generally to the public as a household remedy, a person using the same, although not the actual purchaser of the product, is entitled to the same protection, under an express warranty made by the company manufacturing the same, as a buyer, so that in discussing this case with you and giving you the law, you may consider Mrs. Randall is entitled to the same protection under an express warranty, if there is one, as one who purchased the product and paid a consideration for it."

After giving the above instruction, the court clearly based the right of recovery upon a breach of an express warranty, as defined by our uniform sales act, in the following instruction:

"These cases are based upon a breach of an express warranty and it is necessary that you know what this term means.

"We have a statute in this state which defines an express warranty. The language is quite plain and I trust you will have no difficulty in understanding it.

"An express warranty is defined as follows: 'Any affirmation of fact or any promise by the seller relating to the goods is an express warranty, if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods nor any statement purporting to be a statement of the sellers opinion, only, shall be construed as a warranty.'

"To constitute a warranty neither the word 'warranty' or its equivalent is indispensible. A clear and positive affirmation or representation of the quality or condition of a thing sold, and relied upon by the buyer, is a warranty."

■ The question of the liability of a manufacturer to a sub-vendee or a third person has been discussed in many articles. See, for instance, 33 Col. L. Rev. 868; 42 Harv. L. Rev. 414; 2 Vanderbilt

L. Rev. 675; 57 Yale L. J. 1389; Miller, *Liability of a Manufacturer for Harm Done by a Product*, 345 Ins. L. J. 797, 802; 2 CCH, Food Drug Cosmetic L. Rep. paragraphs 20,201, 20,221; Annotations, 17 A. L. R. 672, 39 A. L. R. 992, 63 A. L. R. 340, 88 A. L. R. 527, 105 A. L. R. 1502, 111 A. L. R. 1239, 140 A. L. R. 191, 142 A. L. R. 1490. See, also, Annotation, 8 A. L. R. 667, and Note, 51 L.R.A.(N.S.) 1111.

We agree that, in the case of the sale of drugs or foods, an express warranty may extend to an ultimate consumer if the warranty in the first instance induces the purchase and the usage is consistent with the purpose for which the product was purchased in reliance on the warranty. The question here is whether, when a case is submitted on the theory of a breach of an express warranty as defined by our sales act, recovery may be sustained on some other undefined warranty or some other theory which exists outside of the sales act. Here, it is clear that the case was submitted on the theory of a breach of an express warranty as defined by our sales act, and the court, in several instances, instructed the jury expressly that there must be a finding that there was reliance upon the warranty at the time of purchase before there could be any recovery. The record is devoid of any evidence to sustain a recovery on that theory. It is not enough to say that there may be evidence that would sustain recovery on some other theory, which we do not define.

The instructions of the court are so ambiguous, however, that the majority of the court feels that there should be a new trial in the interests of justice rather than judgment for defendant. It may well be that on a new trial the issues will be so framed and submitted to the jury that a determination may be had on some theory free from the ambiguities existing in the instructions under consideration.

Reversed and new trial granted.

FRANK T. GALLAGHER, JUSTICE (dissenting).

I cannot agree with the majority. It appears to me that it is inconsistent to say on the one hand that it is clear that the case

was submitted on the theory of a breach of an express warranty, as defined by our sales act, and then to say on the other hand that the instructions of the trial court are so ambiguous that there should be a new trial in the interests of justice. Reading the instructions in their entirety, it is my opinion that they were sufficiently broad to permit the jury, under the record here, to find for plaintiffs, as it did.

THOMAS GALLAGHER, JUSTICE (dissenting).
I concur in the dissent.

LORING, CHIEF JUSTICE (dissenting).
I concur in the dissent.