MARDONNA A. BARTHOLET AND ANOTHER v.
ROGER BERKNESS AND ANOTHER.
DAIRYLAND INSURANCE COMPANY, THIRD-PARTY
DEFENDANT.

189 N. W. (2d) 410.

August 20, 1971—No. 42619.

*Harry N. Ray,* for appellant.

*Taylor Law Firm* and *Elmer Foster,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ. Reconsidered en banc upon the briefs.

MURPHY, JUSTICE.

Appeal from a judgment entered after denial of a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial in a third-party action by which defendants and third-party plaintiffs, Roger Berkness and Albert George Petrie, Jr., unsuccessfully sought to impose upon third-party defendant, Dairyland Insurance Company, judgment for any liability established in an action brought against said defendants by plaintiffs, Mardonna A. Bartholet and Frank T. Bartholet. The issue turns upon an interpretation of the term "member of the same household," as used in an exclusionary clause contained in an automobile liability policy issued to Petrie by Dairyland.

It appears from the record that Berkness and Petrie shared an upper duplex which had originally been rented by Petrie. The quarters included two bedrooms, a bath, a kitchen, and a living room. The furniture was owned by Petrie. Berkness moved into the duplex at Petrie's invitation and shared in payment of the rent. Each provided his own bed linen, towels, and food. They were unmarried, each held two jobs, and, because of the varying work schedules, they seldom saw each other during the day and seldom ate at the duplex. They shared the quarters for about a year. During this time their social contacts were limited, each having his own friends and each moving in his own social circle. The arrangement ended when Petrie indicated his intention to marry.

Petrie owned and operated a 1964 Cadillac, upon which he carried liability insurance with Dairyland Insurance Company.

Berkness owned two operable cars, one of which was an uninsured 1959 Chevrolet. During the time Petrie's Cadillac was out of service because of damages sustained in an accident, Berkness permitted him to use the Chevrolet for transportation to and from work. While driving the Chevrolet, Petrie collided with an automobile driven by plaintiff Mardonna Bartholet. Miss Bartholet was injured, and a suit against Berkness and Petrie followed. After the suit was instituted, Berkness and Petrie commenced this third-party action against Dairyland, alleging that at the time of the accident Petrie had in force a policy of automobile liability insurance with Dairyland protecting him against the liability alleged in the Bartholet action. Dairyland answered, alleging, among other things, that Petrie and Berkness were residents of the same household at the time of the accident, and, therefore, coverage was excluded under the terms of its policy. Part IV(a)(3) of the policy recites:

"Temporary Substitute Automobile—an automobile not owned by the named Insured or any resident of the same household * * *."

Part V(c)(1), relating to the use of other automobiles, provides:

"This insuring agreement does not apply: (1) to any automobile owned by or furnished for regular use to either the named Insured or a member of the same household other than a private chauffeur or domestic servant of such named Insured or spouse."

The issue of whether or not Berkness and Petrie were members of the same household, so as to exempt Dairyland from liability under the terms of its exclusionary clause, was submitted to the jury. The jury found that they were, in fact, members of the same household.

It is the contention on this appeal that third-party plaintiffs as a matter of law were not members of the same household within the meaning of the exclusionary clause and that the judgment should accordingly be reversed. We have, in a number of cases, considered the meaning of the exclusionary clause found

in automobile insurance policies which provides that the insuring agreement does not apply to a temporary substitute automobile owned by a member of the same household. The clause is intended to prevent a situation in which members of one family or household may have two or more automobiles which are used interchangeably but with only one particular automobile insured. See, Engebretson v. Austvold, 199 Minn. 399, 271 N. W. 809; Simon v. Milwaukee Auto. Mutual Ins. Co. 262 Minn. 378, 115 N. W. (2d) 40; Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 58 N. W. (2d) 855, 50 A. L. R. (2d) 108; 7 Am. Jur. (2d) Automobile Insurance, § 105; Annotation, 86 A. L. R. (2d) 937.

The general rule is that the term "household" is synonymous with "home" and "family." Whether one is a member of the insured's household depends upon the particular facts in each case. Simon v. Milwaukee Auto. Mutual Ins. Co. *supra.* The definition of the term "household," as used in the clause, is expressed in Engebretson v. Austvold, 199 Minn. 399, 402, 271 N. W. 809, 810, where we said:

"There is not much disagreement in the definitions of 'household,' whether they emanate from judges or lexicographers. The word is synonymous with 'family' but broader, in that it includes servants or attendants, 'all who are under one domestic head; persons who dwell together as a family.' 30 C. J. 474. For other definitions of 'household' see Rydstrom v. Queen Ins. Co. 137 Md. 349, 112 A. 586, 14 A. L. R. 212; 4 Wd. & Phr. (3 ser.) 28; 4 Wd. & Phr. (1 ser.) 3361.

"There is no excuse for giving the policy limitation which controls decision any undue narrowness, either of construction or application. It is unambiguous. It should be given that fair construction required by its plain language and equally plain purpose."

In cases where we have considered the meaning and application of the term, "member of the same household," we have held that it applies in those instances where there is some blood relationship in the family connection. Under any definition of the

term, however, we are unable to say that two bachelors, sharing the same living quarters under conditions such as exist here, are members of the same household. The most that can be said is that they were unrelated friends who resided in the same dwelling. It is obvious from the total fact situation that the arrangement was one which served the convenience and economy of the parties and that each went his own way without regard to any social or family obligation to the other. Tomlyanovich v. Tomlyanovich, *supra;* Engebretson v. Austvold, *supra.*

We have been cited to no authority which would persuade us that the term applies to persons unrelated by family ties who reside under the same roof, sharing expenses for the use and enjoyment of accommodations which occupancy of the dwelling affords. The undisputed evidence compels the conclusion that third-party plaintiffs are not excluded from the protection of the policy.

Respondent Dairyland contends that, since the issue was submitted to the jury without objection, the theory upon which the case was tried becomes the law of the case and must be adhered to on appeal. In considering this point, it should be noted that after the verdict third-party plaintiffs moved for judgment notwithstanding or, in the alternative, for a new trial on the ground that the verdict was, "as a matter of law," contrary to the evidence and contrary to the law. Rules 50.02 and 59.01(7), Rules of Civil Procedure; Rule 103.04, Rules of Civil Appellate Procedure; 1B Dunnell, Dig. (3 ed.) § 384.

While the general rule is that parties on appeal will be bound by the theory upon which their case was originally tried, this court has stated that, if the record conclusively shows that there was no basis in law for such theory, it will be disregarded in determining the appeal. In Behrendt v. Rassmussen, 234 Minn. 97, 100, 47 N. W. (2d) 779, 782, this court noted:

"If a cause of action actually exists, then usually the theory upon which the case was tried becomes the law of the case and must be adhered to in this court. [Citations omitted.] But this

rule does not apply in a case where the record shows conclusively as a matter of law that on the merits there is no cause of action or no defense. In such case, the appellate court will so determine no matter on what theory the pleadings were framed or the issues were tried in the court below."

In Randall v. Goodrich-Gamble Co. 238 Minn. 10, 54 N. W. (2d) 769, the case was submitted to the jury on a theory of breach of express warranty. This court reversed, noting that "[t]he record is devoid of any evidence to sustain a recovery on that theory." 238 Minn. 14, 54 N. W. (2d) 771. In Central States Investment Co. v. Boettcher, 180 Minn. 6, 9, 230 N. W. 120, 121, this court stated:

"Plaintiff's evidence on this issue is unopposed. It offers no basis for a reasonable inference in defendant's favor. In consequence it was prejudicial error to submit the issue to the jury."

14 Dunnell, Dig. (3 ed.) § 7174; 19 Dunnell, Dig. (3 ed.) § 9709; 88 C. J. S., Trial, § 203. See, also, Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605; Atwood v. Holmes, 229 Minn. 37, 38 N. W. (2d) 62, 11 A. L. R. (2d) 311.

We are of the view that the foregoing authorities apply to this case. Since it is established that third-party plaintiffs were not members of the same household within the meaning of the exclusionary clause in question, they are entitled to coverage and the judgment is accordingly reversed.

Costs and disbursements are not allowed to either party.

Reversed.

OTIS, JUSTICE (dissenting).

The policy excludes members of the same household and not merely members of the same family. The purpose is to prevent those living in close proximity who have easy access to one another's vehicles from having more than one car covered by only one premium. The jury has found that the automobile owner and the insured constitute one household and there was ample evidence to sustain the verdict. I would affirm.

PETERSON, JUSTICE (dissenting).
I concur in the dissent of Mr. Justice Otis.