Carla KRUSE, Respondent (C6–85–6),

Lorraine L. Anderson, Respondent (C0–85–163),

v.

MINNESOTA AUTOMOBILE AS-SIGNED CLAIMS BUREAU, et al., Appellants.

Nos. C6–85–6, C0–85–163.

Court of Appeals of Minnesota.

July 23, 1985.

Review Denied Oct. 18, 1985.

Michael Fargione, Minneapolis, for respondents.

James A. Stein, St. Paul, for appellants.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

This consolidated appeal arose out of two separate actions brought to recover basic economic loss benefits pursuant to the Minnesota No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41—65B.71 (1984). Appellants Minnesota Automobile Assigned Claims Bureau and Aetna Casualty and Surety Co. appeal from the trial courts' orders granting respondent Carla Kruse's and respondent Lorraine Andersen's motions for summary judgment. We affirm.

## FACTS

Carla Kruse, who did not own an automobile, was injured on February 15, 1983, while a passenger in an uninsured motor vehicle owned by her fiance, Kevin DeMarre. Kruse moved in with DeMarre, his mother and his brother only 13 days prior to the accident.

Lorraine Andersen, who did not own an automobile, was injured on August 26, 1979, while driving an uninsured motor vehicle owned by her ex-husband, Jeffrey Andersen, with whom she was living at the time of the accident.

Both Kruse and Andersen sought basic economic loss benefits from the Minnesota Automobile Assigned Claims Bureau (Bureau) pursuant to Minn.Stat. §§ 65B.63, .64 (1984). Their claims were assigned to Aetna Casualty and Surety Co. (Aetna), the reparations obligor under the assigned claims plan. Aetna denied both claims on the ground that, pursuant to Minn.Stat. § 65B.64, subd. 3 (1984), Kruse and Andersen were disqualified from benefits. Subdivision 3 provides:

A person shall not be entitled to basic economic loss benefits through the assigned claims plan with respect to injury which was sustained if at the time of such injury the injured person was the owner of a private passenger motor vehicle for which security is required under sections 65B.41 to 65B.71 and he failed to have such security in effect. *Members of the owner's household other than minor children shall also be disqualified from benefits through the assigned claims plan.*

*Id.* (emphasis added).

Kruse and Andersen then commenced actions seeking a declaration that each was qualified for basic economic loss benefits and a judgment against Aetna under the assigned claims plan. Each trial court held that the language excluding "members of the owner's household" is limited to family members related by blood or marriage. Accordingly Kruse and Andersen were entitled to participate in the assigned claims plan and receive basic economic loss benefits.

Aetna appealed and we consolidated both matters.

## ISSUE

Is the members of the owner's household exclusion limited to individuals related by blood or marriage?

## ANALYSIS

Aetna claims the phrase "members of the owner's household" encompasses a broader class of individuals than simply those persons who are related by blood or marriage. Kruse and Andersen argue, and the trial court agreed, that the phrase is synonymous with the term "insured" because section 65B.64, subd. 3 imposes penalties only on those adults who would have benefited had the insurance been purchased. Insured is defined as follows:

"Insured" means an insured under a plan of reparation security as provided by sections 65B.41 to 65B.71, including the named insured and the following persons not identified by name as an insured

while (a) residing in the same household with the named insured and (b) not identified by name in any other contract for a plan of reparation security complying with sections 65B.41 to 65B.71 as an insured:

(1) a spouse,

(2) other relative of a named insured or

(3) a minor in the custody of a named insured or of a relative residing in the same household with a named insured.

A person resides in the same household with the named insured if that person usually makes his home in the same family unit, even though he temporarily lives elsewhere.

Minn.Stat. § 65B.43, subd. 5 (1984). To be included as an "insured," an individual must not only (1) reside in the same household as the named insured, but they must be (2) related by blood or marriage to the named insured.

Although the term "household" is not expressly defined in the No-Fault Act, the supreme court construed the phrase "member of the household" to be synonymous with "member of the family". *Houser v. Dan Dugan Transport Co.,* 361 N.W.2d 62, 65 n. 5 (Minn.1985):

[T]his court has defined "member of the family" to *include all persons that the head of the household has taken into his/her home to share such comforts as the home may provide* and toward whom the head of the household has assumed an attitude of parent, guardian or controller, particularly when there exists a blood or legal relationship. Other cases, usually arising in the automobile insurance context, * * * generally define the phrase "member of the family" as *including those who dwell together under the same roof in a close and intimate family relationship* under which the head of the household assumes the attitude of parent. Keeping in mind that words and phrases are to be construed according to their common and approved usage (Minn.Stat. § 645.08(1) (1982)), it is clear that in defining "member of the

family" we have adopted in those insurance cases a definition that includes within its scope *those who dwell together under the same roof in a close and intimate relationship.*

*Id.* at 65–6 (citations omitted) (emphasis added). In 1980, the supreme court construed the phrase "residing in the same household with the named insured" to include non-relatives. *Pederson v. All Nation Insurance Co.,* 294 N.W.2d 693, 695 (Minn.1980).

The supreme court, however, in *Kaysen v. Federal Insurance Co.,* 268 N.W.2d 920 (Minn.1978), an assigned claims case, quoted a 1974 Report of the Minnesota State Bar Assn. and Minnesota CLE which stated that recovery is limited to members of an uninsured auto owner's "household *who could claim benefits by reason of that relationship * * *.*" *Id.* at 926. The court later held that the only persons who can benefit by reason of their relationship with an insured are those who are related by blood or marriage and reside with the insured. *Mickelson v. American Family Mutual Insurance Co.,* 329 N.W.2d 814, 816 (Minn.1983); Minn.Stat. § 65B.43, subd. 5 (1984).

Kruse and Andersen, both without auto ownership and occupants of uninsured vehicles, clearly fit the category of those intended to benefit from the assigned claims plan. The purpose of the plan was succinctly detailed by the supreme court:

Unavoidable gaps in the comprehensive protection available under the No-Fault Act are closed by the assigned claims plan, which provides for the payment of basic economic loss benefits to certain injured persons—primarily those who cannot procure their own protection because neither they nor *any relative residing in the same household* owns an automobile or because of their youth. Expressly excluded, however, from entitlement under the assigned claims plan are those who are in a position to secure their own protection—owners of vehicles who fail to have the required security in

effect and adult members of their households.

*Mickelson,* 329 N.W.2d at 818 (emphasis added). In *Mickelson,* the court held that the plaintiff, who had lived with his girlfriend for approximately seven years, sharing income and expenses and was not married or related to her in any other way, was not an "insured" under his girlfriend's insurance policy. *Id.* at 816.

■ In *Bartholet v. Berkness,* 291 Minn. 123, 189 N.W.2d 410 (1971), the court construed the term "household" as it applied to two unrelated men who shared a duplex, each moving in his own social circle. The court concluded these two men were not members of the same household, stating:

> We have been cited to no authority which would persuade us that the term applies to *persons unrelated by family ties* who reside under the same roof, sharing expenses for the use and enjoyment of accommodations which occupancy of the dwelling affords. The undisputed evidence compels the conclusion that third-party plaintiffs are not excluded from the protection of the policy.

*Id.* at 127, 189 N.W.2d at 412. "One of the [No-Fault] Act's basic purposes was to achieve comprehensive indemnity for economic losses incurred in vehicle accidents." *Iverson v. State Farm Mutual Automobile Insurance Co.,* 295 N.W.2d 573, 575 (Minn.1980). We conclude that the language "members of the owners household" refers to those members of the household related by blood or marriage to the owner of an uninsured vehicle.

■ Kruse and Andersen are not disqualified from the assigned claims plan pursuant to section 65B.64, subd. 3 because neither is related by blood or marriage to the owner of an uninsured vehicle involved in the accident.

## DECISION

Neither Kruse nor Andersen is a member of the household of an individual who owned an uninsured vehicle. Accordingly, both are qualified to receive compensation under the assigned claims plan.

Affirmed.