**Ira R. GREEN, by Marie DEUEL, as Guardian, Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.**

No.˙ CX–88–881.

Court of Appeals of Minnesota.

Aug. 30, 1988.

Review Denied Oct. 19, 1988.

John Warchol, Paul–Bryan J. Zenke, Warchol, Berndt & Hajek, Minneapolis, for appellant.

Lee Henderson, James A. Stein, Hessian, McKasy & Soderberg, P.A., St. Paul, for respondent.

Heard, considered and decided by NORTON, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

HUSPENI, Judge.

Respondent American Family was awarded summary judgment against appellant Ira Green who had sought basic economic loss benefits under the Minnesota Automobile Assigned Claims Plan, Minn. Stat.˙ § 65B.64 (1986). Appellant challenges the trial court's determination that his claim was barred. We affirm.

### FACTS

Appellant was adjudicated incompetent by court order on January 26, 1987. He resides with his daughter and guardian, Marie Deuel.

On June 11, 1987, appellant was a passenger in a vehicle owned and driven by his daughter. The vehicle, which was uninsured, was involved in an accident resulting in serious injury to appellant. Appellant did not own a vehicle. Respondent denied his claim for basic economic loss under the assigned claims plan, Minn.Stat. § 65B.64, subd. 3.

Appellant brought a declaratory judgment action seeking coverage under the assigned claims plan. On January 25, 1988, the trial court granted summary judgment to respondent, and stated:

The Minnesota Court of Appeals has interpreted "members of the owner's household" to refer to those members of the household related by blood or marriage to the owner of an uninsured vehicle. [Appellant] is an incompetent ward who resides with his daughter and legal guardian, Marie Deuel, and is therefore a member of her household.

[Appellant] was injured while riding in an uninsured automobile owned and driven by his daughter. The assigned claims plan expressly excludes from coverage "those who are in a position to secure their own protection—owners of vehicles who fail to have the required security in effect and adult members of their household."

Incompetent adults are just as incapable of obtaining their own protection as are minor children. Nevertheless, the legislature did not provide coverage for these individuals as it did for minor children. The statute excludes, without distinction, *all* adult members of the uninsured vehicle owner's household. It is not within this court's purview to interpret that which the legislature has made clear.

(citations omitted).

Appellant argues he is an "injured person" within the meaning of the assigned claims plan and that he should receive benefits under the plan.

## ISSUE

Did the trial court err in determining appellant's claim for basic economic loss benefits under the assigned claims plan was barred by Minn.Stat. § 65B.64, subd. 3 (1986)?

## ANALYSIS

Minn.Stat. § 65B.46, subd. 1 (1986) provides that:

If the accident causing injury occurs in this state, every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic economic loss benefits.

*Id.* Because appellant neither owned a vehicle, nor was an insured under any policy of vehicle insurance, his claim for economic loss benefits was made under Minn.Stat. § 65B.64, subd. 1 (1986), which provides in part:

A person entitled to basic economic loss benefits because of injury * * * may obtain basic economic loss benefits through the assigned claims plan or bureau * * *.

However, the trial court denied appellant's claim because of the following provisions of subd. 3 of section 65B.64:

A person shall not be entitled to basic economic loss benefits * * * if at the time of such injury the injured person was the owner of a * * * motor vehicle for which security is required * * * and that person failed to have such security in effect. Members of the owner's household other than minor children shall also be disqualified from benefits through the assigned claims plan.

The Minnesota Supreme Court addressed the limitations imposed by subd. 3 in *Mickelson v. American Family Mutual Insurance Co.,* 329 N.W.2d 814 (Minn.1983) and stated:

Expressly excluded, however, from entitlement under the assigned claims plan are those who are in a position to secure their own protection—owners of vehicles who fail to have the required security in effect and adult members of their households.

*Id.* at 818. *See also Kruse v. Minnesota Automobile Assigned Claims Bureau,* 371 N.W.2d 602 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 18, 1985).

Appellant urges that the legislature could not have intended persons in his situation to be excluded from entitlement to economic loss benefits. His argument, in effect, is that he is in no better position to secure his own protection than are minor children, who are clearly eligible for benefits. There is merit in appellant's comparison. We agree, as did the trial court, that he was incapable of protecting his rights or otherwise bringing himself within the purview of 65B.64, subd. 1. However, we cannot supply what the legislature has not. Minn.Stat. § 645.08 (1986). The language of subd. 3 is clear and unambiguous. Appellant is not within the class of persons exempted from the express exclusion. The statute leaves us no room for construction. We are also restricted by Minn.Stat. § 645.16 (1986) which states:

The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature.

Every law shall be construed, if possible, to give effect to all its provisions.

When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

*Id.*

The facts are undisputed that, at the date of the accident, appellant was a member of his daughter's household, and that she was the owner of an uninsured vehicle. The supreme court stated:

> The legislature is not charitable to uninsured persons driving uninsured vehicles. For the no-fault system to work, persons must contribute premiums to the insurance pool; otherwise, responsible persons carrying insurance become the insurers of those unwilling to pay the true costs involved in establishing a viable no-fault insurance system.

*Balderrama v. Milbank Mutual Insurance*, 324 N.W.2d 355, 358 (Minn.1982). Unlike the minor child, a person adjudicated incompetent is not protected from the harsh mandate of Minn.Stat. § 65B.64, subd. 3. Consequently, appellant's claim is unfortunately barred by Minn.Stat. § 65B.64, subd. 3. It is the legislature which must determine whether to extend protection from the harshness of the statute to those adults who are adjudicated incompetent or otherwise unable to assure their own protection.

### DECISION

Affirmed.