565 So.2d 741 (1990)
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellant,
v.
Arthur Forte EVANS, III, Appellee.
No. 89-796.
District Court of Appeal of Florida, Fifth District.
June 28, 1990.
Rehearing Denied August 21, 1990.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellant.
Carey N. Bos, Orlando and Andrew A. Graham, Maureen M. Matheson and Miguel Olivella, Melbourne, for appellee.
GOSHORN, Judge.
Universal Underwriters Insurance Company (Universal) appeals the summary final judgment in favor of appellee Arthur Evans. Universal argues the court erred (1) in finding Evans to be covered under their policy of insurance and (2) in awarding costs and attorney's fees for both the attorney hired by Evans' carrier and the attorney hired by Evans. We reverse.
At 3:00 A.M. on September 2, 1984, Patricia Dickens and Warren Reyher, a car salesman, were occupying the back seat of *742 a Volkswagen Rabbit owned by Reyher's employer, Catalano Motors, and insured by Universal. Evans, acting at Reyher's request, was driving the vehicle. Evans lost control of the vehicle and hit a tree, killing both Reyher and Dickens.
Dickens' parents brought a wrongful death action against Evans and Catalano Motors. Catalano cross-claimed against Evans for indemnity. Evans then filed a third party complaint against Universal for declaratory judgment seeking a determination of his coverage under the insurance policy issued to Catalano by Universal. A partial summary judgment was entered determining Evans to be a permissive user of Catalano's vehicle.[1]
Universal's policy provided coverage for, inter caeteros, Catalano's "paid employees ... [and] a member of their household." The court found at the time of the accident Evans was a member of Reyher's household and vice versa and thus Evans was an insured under Universal's policy issued to Catalano. The trial court then entered partial summary judgment against Universal on the issue of coverage. The court also held Universal was obligated to provide Evans a defense and indemnification for his attorney's fees in the wrongful death action.
The coverage issue and hence the entire case, turns on the definition of "household." Because this word is not defined in the insurance policy, we must look elsewhere for assistance. Black's Law Dictionary defines household:
A family living together. Schurler v. Industrial Commission, 86 Utah 284, 43 P.2d 696, 699. Those who dwell under the same roof and compose a family. A man's family living together constitutes his household, though he may have gone to another state.
Term "household" is generally synonymous with "family" for insurance purposes, and includes those who dwell together as a family under the same roof. Van Overbeke v. State Farm Mut. Auto. Ins. Co., 303 Minn. 387, 227 N.W.2d 807, 810. Generally, the term "household" as used in automobile policies is synonymous with "home" and "family." Bartholet v. Berkness, 291 Minn. 123, 189 N.W.2d 410, 412.
Black's Law Dictionary 666 (rev. 5th ed. 1979). The Random House Dictionary of the English Language similarly defines household:
The people of a house collectively; a family including its servants.
The Random House Dictionary of the English Language: Second Edition  Unabridged p. 927. The First District may have said it best in adopting the following criteria:
Whatever else may be embraced in the meaning of the term "household" there is invariably involved a fixed house or place of abode and the presence of one or more persons who dwell there. When there is more than one person there is the common bond between such persons in the concept of a family, that is, that all members of the household have ties of blood, marriage or adoption among themselves. Those merely dwelling under the same roof does not constitute them members of the same household, but such is the result when they share common bonds of kinship and also share the facilities of the house for living purposes. The three ingredients are (1) close ties of kinship; (2) a fixed dwelling unit; and (3) enjoyment of each of part of the living facilities. The main thread of a household or family is the sharing of companionship and of the living facilities of the dwelling unit by the members of the household. It is not limited to the family composed of a married couple and minor children or of one part with the child or children.
General Guaranty Insurance Company v. Broxsie, 239 So.2d 595 (Fla. 1st DCA 1970).
The facts known at the time summary judgment was entered included: (1) Evans *743 owned the house in which the two men lived; (2) the two men were unrelated; (3) Reyher had full use of the house with the same privileges as Evans, but each man had a separate bedroom; and (4) each treated the house as his principal place of residence and neither man had another residence or even temporarily resided elsewhere. Simply put, Evans shared his house with Reyher and Reyher paid Evans rent. Evans testified by deposition:
Q What was the living arrangements you had with Mr. Reyher?
A Mr. Reyher was a roommate. He rented from me. I guess you would call it subletting or leasing a room. We were roommates.
There is no evidence of any other relationship between the two men. Although they physically occupied the same house, there is no evidence indicating Reyher and Evans had any intention to form a social unit. Whatever else the word "household" may suggest, we have no difficulty holding that it does not encompass landlord-tenant or simple roommate arrangements.
Accordingly, the judgment finding Evans was an insured and thus covered by Universal's policy of insurance and awarding attorney's fees and costs is reversed.
REVERSED and REMANDED.
W. SHARP and COWART, JJ., concur.
NOTES
[1] Universal attempts for the first time on appeal to argue that Reyher's employment agreement prevented Reyher from giving Evans permission to drive Catalano's automobile. In our view this issue is not preserved for appeal. Dober v. Worrell, 401 So.2d 1322, 1323 (Fla. 1981). In any event, Universal's argument is without merit. Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959).